UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>W.L. MUNIZ, et al.,<br><br>Defendants. | Case No. 18-cv-02291-HSG<br><br>**ORDER DENYING REQUEST TO SET A CONFERENCE TO DETERMINE STATUS OF SETTLEMENT PAYMENT AND TO ENFORCE THE SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 30 |

Plaintiff, an inmate at Corcoran State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On December 4, 2018, the Court dismissed this action with prejudice pursuant to the parties' joint voluntary stipulation. Dkt. No. 29. Now before the Court is Plaintiff's request that the Court schedule a status conference between the parties to determine the status of the settlement award payment and that the Court enforce the settlement agreement. Dkt. No. 30. For the reasons set forth below, Plaintiff's requests are DENIED.

After dismissal of a suit, a district court lacks authority to decide any dispute arising from a settlement agreement, e.g., a motion to enforce the agreement, unless it has specifically retained jurisdiction. A district court retains jurisdiction over a settlement agreement only if (1) the agreement specifically states that the court retains jurisdiction, or (2) the court embodies the agreement in its dismissal order. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).[1] Here, this civil rights action was settled by the parties, after which they filed a

---

[1] Plaintiff misstates the holding of *Kokkonen* in his motion. ECF No. 30 at 2. *Kokkonen* does not hold that a court retains ancillary jurisdiction to enforce his settlement agreement. Rather, *Kokkonen* holds that
> where the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal), . . .[a]bsent [the court embodying the settlement contract in its dismissal order or specifically retaining

stipulation to a voluntary dismissal with prejudice. Dkt. No. 29. The stipulation did not require the Court to retain jurisdiction, and the Court did not do so. Therefore, this Court no longer has jurisdiction over the settlement agreement and cannot grant the relief sought by Plaintiff.

If Plaintiff seeks judicial enforcement of the agreement, he must file suit in the state courts. Absent the district court retaining jurisdiction, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 382. Enforcement of a settlement agreement does not itself raise a federal question. *Id.* at 381.

This order terminates Dkt. No. 30. This case remains closed.

**IT IS SO ORDERED.**

Dated: 5/31/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

jurisdiction over the settlement contract], enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction. *Kokkonen*, 511 U.S. at 381–82.